**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

AMANDA TRENBETH,

     Plaintiff,

v.                              No. 1:26-cv-01150-MIS-DLM

ALBERTSONS COMPANIES, INC.,

     Defendant.

## ORDER OF DISMISSAL

This case arises from Defendant's pharmacy's alleged unauthorized disclosure of Plaintiff's private medical information to a third party via text messages. *See* Compl., ECF No. 1. Plaintiff asserts state-law claims for invasion of privacy, negligence, negligent infliction of emotional distress, and pursuant to New Mexico's "unfair practices act." *Id.* at 3-4. Plaintiff asserts this Court has jurisdiction because "this action arises under federal and state law." *Id,* at 1.

On April 15, 2026, United States Magistrate Judge Damian L. Martinez issued an Order notifying Plaintiff:

> It appears the Court does not have jurisdiction over this case because the Complaint does not show that this case arises under federal law. *See Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) ("The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law"). (quoting *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)). The Complaint does not identify a statutory provision showing that this case arises under federal law. The Civil Cover Sheet that Plaintiff filed with her Complaint indicates that this case arises under 47 U.S.C. § 227, Restrictions on use of telephone equipment. *See* Complaint at 6. The Civil Cover Sheet, however, states that it "neither replace[s] nor supplement[s] the filing . . . of pleadings." Complaint at 6.

Order for Amended Complaint at 1, ECF No. 4. Judge Martinez ordered Plaintiff to file an amended complaint which identifies the federal statutory provision under which this case arises

and notified Plaintiff that failure to timely file an amended complaint may result in dismissal of this case. *See id.* at 2-3. Plaintiff did not file an amended complaint by the May 6, 2026, deadline.

The Court concludes it does not have jurisdiction over this case because the Complaint does not contain, and Plaintiff did not file an amended complaint containing, allegations to support federal question jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

The Court dismisses this case without prejudice for lack of jurisdiction and because Plaintiff has not complied with Judge Martinez's Order to file an amended complaint. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original); Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 F. App'x 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

2